# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3707

_____

In re Federal Fountain, Inc., &ast;
&ast;
Debtor. &ast;
&ast;
&ast;
_____ &ast;
&ast;
David A. Warfield, Trustee of &ast;
the Estate of Federal Fountain, &ast;
Inc., &ast;
&ast;
Appellant, &ast; Appeal from the United States
&ast; District Court for the Eastern
v. &ast; District of Missouri.
&ast;
KR Entertainment, Inc., &ast;
&ast;
Appellee. &ast;
&ast;
&ast;
_____ &ast;
&ast;
United States of America, &ast;
&ast;
Amicus on Behalf of Appellant; &ast;
&ast;
&ast;
Public Citizen, &ast;
&ast;
Amicus on Behalf of Appellee. &ast;

_____

Submitted:  October 22, 1998

Filed:  January 7, 1999
_____

Before BOWMAN, Chief Judge, and McMILLIAN, RICHARD S. ARNOLD, FAGG,
    WOLLMAN, BEAM, LOKEN, HANSEN, MORRIS SHEPPARD ARNOLD,
    and MURPHY, Circuit Judges.
_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Federal Fountain, Inc. (represented by its trustee in bankruptcy, David A. Warfield), and KR Entertainment, Inc., which has its principal place of business in Nevada, entered into a contract under which Federal Fountain agreed to design and install certain equipment necessary for the operation of KR's water entertainment show in the Riviera Hotel in Las Vegas.  While involved in bankruptcy proceedings, see 11 U.S.C. §§ 701-766, Federal Fountain filed suit to collect the balance due on the contract.  KR moved to dismiss for lack of personal jurisdiction over it, and the district court granted the motion because Federal Fountain had failed to demonstrate that KR had any contacts at all with the State of Missouri.  On appeal, a panel of our court affirmed the judgment of the district court.  On petition for rehearing containing a suggestion for rehearing en banc, the court voted to rehear the case en banc and vacated the panel opinion and judgment.  We now reverse the judgment of the district court.

This case presents a single legal issue, namely, whether personal jurisdiction may constitutionally be exercised over a defendant in a federal court only if there are sufficient contacts between that defendant and the state in which he or she is expected to appear.  Fed. R. Bankr. P. 7004(d), on its face, quite clearly allows national service

of process in cases like the present one, for it provides that a "summons and complaint ... may be served anywhere in the United States."  We held, however, in South Dakota v. Kansas City Southern Industries, Inc., 880 F.2d 40, 44 n.10 (8th Cir. 1989), cert. denied, 493 U.S. 1023, 110 S. Ct. 726, 107 L.Ed.2d 745 (1990), that due process requires " 'in every case,' " quoting Reynolds Metals Co. v. Columbia Gas System, Inc., 694 F. Supp. 1248, 1250 (E.D. Va. 1988) (emphasis in original), that there be minimum contacts between a defendant and the state in which he or she is expected to answer, before the court that issued the process may constitutionally assume personal jurisdiction over that defendant.  We take the present opportunity to disagree with that holding and to align ourselves with virtually every other court that has ruled on the issue.

We believe that certain elementary legal principles that have enjoyed widespread acceptance for a significant period of time provide a firm foundation for the proposition that Fed. R. Bankr. P. 7004(d) is a constitutional exercise of congressional authority.  In the words of Mr. Justice Scalia, "[t]he short of the matter is that jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define ... due process."  Burnham v. Superior Court of California, 495 U.S. 604, 619 (1990) (plurality opinion).

In this case, KR is concededly present in the territory of the United States, and the courts of the United States may therefore legally exercise the authority to proceed to judgment against it (after, of course, the proper notice and an opportunity to be heard).  As the Supreme Court observed in United States v. Union Pacific Railroad Co., 98 U.S. 569, 604 (1878), there is "nothing in the Constitution which forbids Congress to enact that ... [a federal trial court] ... shall ... have the power to bring before it all the parties necessary to its decision."  See also Robertson v. Railroad Labor Board, 268 U.S. 619, 622 (1925) (Congress may provide that "the process of [any] district court shall run into every part of the United States").

-3-

We think, in sum, that the fairness that due process of law requires relates to "the fairness of the exercise of power by a particular sovereign, ... and there can be no question ... that the defendant ... has sufficient contacts with the United States to support the fairness of the exercise of jurisdiction over him by a United States court." Fitzsimmons v. Barton, 589 F.2d 330, 333 (7th Cir. 1979). Congress has in fact quite frequently exercised its authority to furnish federal district courts with the power to exert personal jurisdiction nationwide. See, e.g., § 22 of the Securities Act of 1933, 15 U.S.C. § 77v(a), and § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa; see also 4 C. Wright and A. Miller, Federal Practice and Procedure: Civil 2d § 1067.1 at 331-32 (1987).

A few appellate courts have adopted the view that the constitutionality of the application of statutes granting nationwide jurisdiction to federal courts depends on whether the proposed forum puts a defendant at a "severe disadvantage," Republic of Panama v. BCCI Holdings, S.A., 119 F.3d 935, 948 (11th Cir. 1997), in defending the action and, if so, whether something called the "federal interest," id., in litigating the matter in that forum outweighs attendant inconveniences to a defendant. With respect, we detect nothing in the case law already discussed that suggests that due process, or any other constitutional concern, requires such an approach to deciding the jurisdictional question that this case presents. We note, too, that the vindication of federal law principles in a federal court would seemingly always be sufficient to carry the day in favor of the exercise of federal jurisdiction, even if we felt obliged to engage in a balancing enterprise, which, in fact, we do not. The inconveniences associated with a particular forum, moreover, can always be brought to the district court's attention by means of a motion under 28 U.S.C. § 1404(a), which provides for transfer of venue "[f]or the convenience of parties ... in the interest of justice."

For the reasons indicated, we reverse the judgment of the district court and remand the case for further proceedings.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.