**BOARD OF TRUSTEES OF PAINES-VILLE TOWNSHIP; Mayridge Construction Company, Plaintiffs–Appellants,**

v.

**CITY OF PAINESVILLE, OHIO, Defendant–Appellee.**

No. 98–4004.

United States Court of Appeals, Sixth Circuit.

Argued: Oct. 28, 1999

Decided and Filed: Dec. 29, 1999

Eli Manos (briefed), Michael T. Gavin (briefed), Anthony J. Coyne (argued and briefed), Bruce G. Rinker (briefed), Mansour, Gavin, Gerlack & Manos, Cleveland, Ohio, Timothy P. Cannon (briefed), Cannon Stern, Aveni & Loiacono, Painesville, OH, for Appellants.

Charles R. McElwee II (briefed), David W. Burchmore (argued and briefed), Van Carson (briefed), Squire, Sanders & Dempsey, Cleveland, Ohio, Joseph M. Gurley (briefed), Rand, Gurley, Hanahan & Koerner, Painesville, Ohio, for Appellee.

Before: JONES, BOGGS, and COLE, Circuit Judges.

## OPINION

BOGGS, Circuit Judge.

The Board of Trustees of Painesville Township and representatives of Mayridge Construction Company sued the City of Painesville for alleged violations of the Federal Water Pollution and Control Act (FWPCA), as amended by the Clean Water Act of 1977(CWA), 33 U.S.C. § 1251 *et seq.* The plaintiffs requested declaratory relief and a mandatory injunction compelling the City to provide them with wastewater treatment service. The City moved to dismiss the plaintiffs' claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). The district court granted the City's motion to dismiss, holding that the Clean Water Act does not authorize persons located within an area planned to receive services from a federally-funded waste treatment facility to enforce the terms of the service plan in federal court. In addition, the district court found that, even if the plaintiffs' claims were authorized under the Act, plaintiffs failed to give notice to the defendant at least 60 days before bringing suit, as required by 33 U.S.C. § 1365, the provision of the Clean Water Act that confers upon citizens a private right of action to enforce certain of the CWA's substantive provisions.

We must affirm the district court's decision dismissing this case because the Supreme Court's decision in *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981), clearly precludes us from implying a private right of action against the defendant under the CWA. Even if plaintiffs' claims were authorized under the statute, we would still affirm because plaintiffs' failure to comply with the statutory notice provisions applicable to citizen suits under the Act deprives us of jurisdiction over their claims.

## I

In May 1971, the City of Painesville authorized a $2,500,000 bond issue to improve and expand its wastewater treatment facilities. Needing additional funding, the City in 1974 submitted to the Environmental Protection Agency (EPA), the agency responsible for administering federal subsidies awarded under the CWA for waste treatment projects, a plan detailing proposed improvements to Painesville's existing wastewater treatment plant. In 1975, the EPA approved the City's request for federal financial assistance and agreed to subsidize the cost of improving the

City's wastewater treatment facilities pursuant to the City's proposed service plan. The City's plan for improving its existing wastewater treatment plant included a reference to "Facilities Plan Service Area P–5," a geographic region encompassing a significant portion of Painesville Township as well as land owned by plaintiff Mayridge Construction Company. Although the plan suggests that entities located within Service Area P–5 should have access to the City's improved wastewater treatment facilities, the City has refused to extend service to the plaintiffs or to any other area outside the City's boundaries.

Plaintiffs argue that the inclusion of Service Area P–5 in the City's federal grant application entitles them to use the wastewater facility because the federal grant was conditioned on providing service to Area P–5. The City argues in response that, at the time its grant application was approved, it was under no contractual obligation to provide wastewater treatment service to areas outside the city. In short, the City maintains that referencing Service Area P–5 in its proposal did not obligate it to provide sewer service to the plaintiffs. The district court declined to decide this question because it held that, even if the grant were conditioned on the provision of service to Area P–5, the Clean Water Act does not grant plaintiffs a private right of action—express or implied—to enforce the grant provisions in federal court. It is similarly unnecessary for us to determine the scope of the defendant's contractual obligations because the Supreme Court's decision in *Sea Clammers* clearly precludes plaintiffs from proceeding with their suit under the CWA.

## II

■ This court reviews *de novo* the propriety of the district court's dismissal of plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief may be granted pursuant to Fed. Rule Civ. P. 12(b)(6).

*See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir.1996). Lack of subject matter jurisdiction is an affirmative defense that a defendant may assert in a motion to dismiss. *See* Fed.R.Civ.P. 12(b)(1); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) (emphasizing that, to survive a motion to dismiss, a complaint must contain "either direct or indirect allegations respecting all material elements to sustain a recovery under some viable legal theory"). In conducting our review, we must "construe the complaint in a light most favorable to plaintiffs, accept as true all of plaintiffs' well-pleaded factual allegations, and determine whether plaintiffs can prove no set of facts supporting [their] claims that would entitle [them] to relief." *Ludwig v. Board of Trustees of Ferris State Univ.*, 123 F.3d 404, 408 (6th Cir.1997).

■ We must also recognize that the plaintiffs' burden of proving federal question jurisdiction in an effort to defeat the defendant's Rule 12(b)(1) motion is "not onerous." *Musson*, 89 F.3d at 1248 (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996)). In order to survive a Rule 12(b)(1) motion, a plaintiff need show "only that the complaint alleges a claim under federal law, and that the claim is 'substantial.'" *Ibid.* Because this court has determined that a complaint is "substantial" unless "prior decisions inescapably render [it] frivolous," plaintiffs will survive the defendant's motion to dismiss by showing "any arguable basis in law" for the claims set forth in the complaint. *Ibid.* (explaining this circuit's decision to define a "substantial" claim as "non-frivolous" because "other definitions of substantial are circular"); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (noting that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could

be proved consistent with the allegations"). In this case, we must affirm the district court's decision to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because "prior decisions" of both this court and the United States Supreme Court "inescapably render plaintiffs' claims frivolous" under the Clean Water Act and preclude us from asserting general jurisdiction over the case. *Musson*, 89 F.3d at 1248.

■ Section 1365 is the Clean Water Act's citizen suit provision and is the sole avenue of relief for private litigants seeking to enforce certain enumerated portions of the statute. *See* 33 U.S.C. § 1365 (1994). Section 1365 permits private citizens to enforce specified provisions of the CWA by conferring upon them the right to sue parties alleged to be in violation of "(A) an effluent standard or limitation" or "(B) an order issued by the Administrator or a State with respect to such a standard or limitation." 33 U.S.C. § 1365(a); *see also id.* at § 1365(f) (defining "effluent standard or limitation" as used in subsection (a)). Plaintiffs concede that their claims regarding the City's contractual obligations to the EPA fall outside the scope of § 1365, but contend that this court has general jurisdiction over their claims pursuant to 28 U.S.C. § 1331 because they seek relief against the City not under the substantive provisions enumerated in § 1365, but under §§ 1255, 1282 and 1284—the provisions that govern the administration of grants under the CWA.

■ To establish federal question jurisdiction under § 1331, "a plaintiff's well-pleaded complaint must raise an issue 'arising under' the laws of the United States; the presence of a federal question defense is inadequate." *Musson*, 89 F.3d at 1252. A case "arises under" federal law for purposes of general jurisdiction if a "right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action." *Michigan Savings & Loan League v. Federal Home Loan*

*Bank Bd.*, 683 F.2d 957, 960 (6th Cir.1982). In this case, plaintiffs' jurisdictional argument fails because the Supreme Court's decision in *Sea Clammers*, and this court's decision in *Walls v. Waste Resource Corp.*, 761 F.2d 311 (6th Cir.1985), preclude us from implying a private right of action under any provision of the Clean Water Act other than § 1365, including the provisions cited in plaintiffs' complaint. *See Sea Clammers*, 453 U.S. at 14–15, 101 S.Ct. 2615 (federal courts may not imply a private right of action under any provision of the Clean Water Act not expressly referenced in the statute's citizen suit provision, 33 U.S.C. § 1365); *Walls*, 761 F.2d at 314 (refusing, in light of *Sea Clammers*, to imply a private right of action under sections of the Clean Water Act not within the purview of § 1365). As the *Sea Clammers* Court observed in refusing to imply a private right of action under the CWA:

> In view of these elaborate enforcement provisions it cannot be assumed that Congress intended to authorize by implication additional judicial remedies for private citizens suing under [the Clean Water Act]. As we stated in *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979), "it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."

*Sea Clammers*, 453 U.S. at 14–15, 101 S.Ct. 2615.

As the Supreme Court made clear in *Sea Clammers*, the CWA's legislative history and elaborate enforcement provisions preclude lower federal courts from recognizing an implied private right of action under provisions other than § 1365. *See id.* at 15, 101 S.Ct. 2615 (noting that, "[i]n the absence of strong indicia of a contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate"). Although "the law is hardly static" and "federal court[s] ha[ve] jurisdiction to hear

claims on the margins of reasonable possibility," *Musson*, 89 F.3d at 1248, the lower court did not err in granting the defendant's motion to dismiss because this is a case in which prior decisions clearly deprive us of jurisdiction over plaintiffs' claims. *Ibid.*

As we observed in *Musson*, "it is not the role of federal courts to articulate federal interests—but to enforce the federal interests identified by Congress." *Id.* at 1250.[1] In *Walls*, this court dismissed for lack of subject matter jurisdiction all elements of the plaintiffs' complaint that were premised on the existence of an implied private right of action for damages under the CWA. *See Walls*, 761 F.2d at 314, 316. Noting that § 1365 contemplates only injunctive relief and the imposition of civil penalties payable to the government, the court held that the Supreme Court's decision in *Sea Clammers* compels the conclusion that the "citizen suit provision[ ] of the ... [CWA][is] the exclusive jurisdictional avenue[ ] for private plaintiffs and [ ] eliminate[s] all other implied rights." *Id.* at 316. Like the panel in *Walls*, we conclude that the Supreme Court held in *Sea Clammers* that there is no general federal jurisdiction outside § 1365 and that Congress did not intend to imply private remedies in addition to those expressly provided in the CWA's citizen suit statute. *See Walls*, 761 F.2d at 316.

### III

■ In *Walls*, a panel of this court dismissed two counts of the plaintiffs' complaint, which were authorized under § 1365, because plaintiffs failed to comply with the statutory notice requirement, which this court has long recognized as a jurisdictional prerequisite to maintaining a

cause of action under the Act. *See Walls*, 761 F.2d at 314, 316. Title 33 U.S.C. § 1365(b)(1)(A) provides, in pertinent part:

> No action may be commenced [under the citizen suit provision] ... prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation or order. . . .

Plaintiffs never gave such notice. Plaintiffs argue, however, that their case should not have been dismissed for failure to give notice. The lack of notice, they contend, was precisely because their claims do not fall under § 1365. Because both Supreme Court precedent and the law of this circuit preclude plaintiffs from pursuing a cause of action under any provision of the Clean Water Act other than § 1365, plaintiffs' only hope of relief would be a suit consistent with the requirements of the citizen suit provision. This circuit has always required plaintiffs to adhere to § 1365's notice provision because compliance with the notice requirement is a jurisdictional prerequisite to recovery under the statute. *See Hallstrom v. Tillamook County*, 493 U.S. 20, 26, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989); *see also Walls*, 761 F.2d at 316 (holding that "compliance with the sixty day notice requirement is a jurisdictional prerequisite to bringing suit against private defendants under the ... [CWA]"); *Greene v. Reilly*, 956 F.2d 593, 594 (6th Cir.1992) (similar).

### IV

Because sections 1255, 1282 and 1284 of the Clean Water Act do not give plaintiffs a substantive right to enforce any contractual obligations of the defendant to the

---

1. Conceding that the Supreme Court held that the relevant federal statute did not provide a private right of action—express or implied—the plaintiff in *Musson* asked this court to recognize a federal common law cause of action against the defendant. In dismissing the plaintiff's federal common law claims, this court characterized the plaintiff's theory as a

request to imply a statutory private right of action even though Congress clearly did not intend to create such a right when it enacted the statute governing the plaintiff's case. *Musson*, 89 F.3d at 1252. (citing *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 23, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979)).

EPA, and because plaintiffs failed to comply with the procedural and substantive requirements of 33 U.S.C. § 1365, we AFFIRM the district court's order granting the defendant's motion to dismiss.