**In re Krishan CHARI, and the Chari Group, Ltd., LLC, Debtors.**

**John Paul Rieser, Chapter 7 Trustee, Plaintiff,**

v.

**Karen Milford and Kevin Milford, Defendants.**

**Bankruptcy Nos. 99–35862, 99–35867. Adversary No. 01–3257.**

United States Bankruptcy Court, S.D. Ohio, Western Division at Dayton.

Feb. 4, 2002.

■■■■■■■■■

John Paul Rieser, Patricia J. Friesinger, Dayton, OH, for Chapter 7 Trustee.

Vincent DePascale, Diane Kappeler De-Pascale, Columbus, OH, for Defendants.

## DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS BUT REQUIRING TRUSTEE TO AMEND COMPLAINT TO PROVIDE MORE DEFINITE STATEMENT

WILLIAM A. CLARK, Bankruptcy Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334, and the standing General Order of Reference in this District. This proceeding constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(E), (F) and (H).

This matter is before the court on Motion of Defendants Karen and Kevin Milford for Appropriate Relief Pursuant to F.R.C.P. 12(b)(2), 12(b)(6), 12(e) [Adv. Doc. # 8–1]; and the Trustee's Memorandum Contra [Adv. Doc. # 9–1]. After careful review of these documents and the Trustee's complaint, the court is prepared to render its decision.

### *FACTUAL AND PROCEDURAL BACKGROUND*

On November 9, 2001, Chapter 7 Trustee John Paul Rieser filed his complaint to recover prepetition preferential and fraudulent transfers from the Defendants under bankruptcy and state law, to obtain an accounting, to obtain disgorgement of all monies received by Defendants from the Debtors beyond the transfers known by the Trustee to have occurred, to object to any present or future proofs of claim filed by the Defendants and to recover prejudgment interest, costs, expenses and attorney fees.

The Trustee's claims arise from the following fact allegations in the Trustee's complaint. Defendants Kevin and Karen Milford (collectively "the Milfords") were friends of Debtor Krishan Chari and Karen Milford worked as a bookkeeper for Debtors Krishan Chari and Chari Group, Ltd., LLC (collectively "Debtors"). [Adv. Doc. # 1–1, ¶ 7.] The Trustee alleges that the Milfords netted approximately $41,500.00 from two sales of real property to the Debtors for overinflated prices and without adequate consideration. [*Id.*, ¶¶ 11–12.] On or about May 5, 1998, the Milfords purchased real property at 234 Virginia Avenue in Dayton Ohio for $37,000.00 which was sold to the Debtors less than three months later on July 31, 1998, for a price of $54,000.00. [*Id.*, ¶ 11.] On or about June 6, 1998, the Milfords purchased a second piece of real property at 1532 Meriline Avenue in Dayton, Ohio for $49,500.00 and sold that property less than two months later to the Debtors for $74,000.00 on July 31, 1998. [*Id.*, ¶ 12.] The Trustee further alleges that Defendants Kevin and Karen Milford each received a $5,000.00 check from the Debtors on December 31, 1998 within a year of the bankruptcy. [*Id.*, ¶ 13.] The Trustee asserts that these transfers were for less than adequate consideration or were gifts. [*Id.*, ¶ 19.] The Trustee's complaint contains several causes of action to recover these transfers as fraudulent or preferential transfers.

In addition to the above, the Trustee's complaint contains vague allegations that the Milfords benefitted from other presently unknown transactions with the Debtors. [*Id.*, ¶ 14.] However, due to the lack

of cooperation from the Debtors, the Trustee does not know what kind or how many transfers are involved at the present time. [*Id.*] Thus, the Trustee's complaint contains causes of actions to recover transfers presently unknown, but that may be adduced after discovery and a full accounting. [*Id.*, ¶¶ 23, 30, 40, 48, and 55–57.]

On December 11, 2001, the Milfords filed a motion to dismiss or, in the alternative, motion for a more definite statement. Although vague, the Milfords' motion appears to assert that the court lacks personal jurisdiction over them because they have been residents of New Hampshire for more than one year. [Adv. Doc. # 8–1, p. 2.] In addition to the above, the Milfords request that the court: 1) dismiss claims based on the Milfords' status as "insiders"; 2) dismiss claims to recover fraudulent transfers/preferences that do not fall within the one year statutory look back period; and 3) dismiss fraud claims for the Trustee's failure to plead fraud with particularity, or, in the alternative, require a more definite statement from the Trustee. The court will analyze these issues below.

### LEGAL ANALYSIS

#### A. Rule 12(b)(2): Personal Jurisdiction

In the caption of their motion, the Milfords list Fed.R.Civ.P. 12(b)(2) as a basis for dismissal of the Trustee's complaint. Rule 12(b)(2), incorporated into bankruptcy proceedings by Fed. R. Bankr.P. 7012, covers dismissal based on a "lack of jurisdiction over the person." Nowhere within the motion and supporting memorandum do the Milfords raise an argument to support the court's lack of personal jurisdiction beyond their assertion that they have lived in New Hampshire for more than one year. [Adv. Doc. # 8–1, p. 2.]

■ The court begins by reminding the Milfords that it does not have a duty to research and construct legal arguments available to them. *Helms v. Arboleda (In re Arboleda)*, 224 B.R. 640, 648 (Bankr. N.D.Ill.1998). Instead, arguments suggested by the Milfords within the caption of their motion should be fully addressed and analyzed by them within the supporting memorandum.

■ As to personal jurisdiction, the Milfords' residence in New Hampshire does not provide them with a basis for contesting this jurisdiction. Like a majority of the circuits, the Sixth Circuit holds that when a federal court sitting with federal question jurisdiction exercises personal jurisdiction pursuant to a national service of process provision, its jurisdiction is nationwide and it need not rely on a forum state's long-arm statute to establish extra-territorial jurisdiction outside the forum state. *Medical Mutual of Ohio v. deSoto*, 245 F.3d 561, 566–67 (6th Cir.2001). In bankruptcy adversary proceedings, national service of process is authorized pursuant to Fed. R. Bankr.P. 7004. *Id.* at 568 n. 4; *Warfield v. KR Entertainment. Inc. (In re Federal Fountain, Inc.)*, 165 F.3d 600, 601 (8th Cir.1999). Thus, the relevant question to be asked is not whether defendants have minimum contacts with the forum state, but whether the defendants have sufficient contacts with the United States for the exercise of personal jurisdiction to comport with traditional notions of fair play and substantial justice. *Medical Mutual*, 245 F.3d at 566; *Warfield*, 165 F.3d at 602; *Highway Equipment Co. v. Alexander Howden Limited (In re Highway Equipment Co.)*, 120 B.R. 910, 915 (Bankr. S.D.Ohio 1990) (holding that minimum contacts with the forum state are not necessary to establish personal jurisdiction in the bankruptcy context). The Milfords' residence within New Hampshire estab-

lishes the minimum contacts with the United States necessary for this court to exercise personal jurisdiction over them.

### B. Rule 12(b)(6): Stating a Claim Upon Which Relief Can Be Granted

▆▆▆ The Milfords further request that the court dismiss the Trustee's complaint under Fed.R.Civ.P. 12(b)(6), incorporated in bankruptcy adversary proceedings by Fed. R. Bankr.P. 7012, for the Trustee's alleged failure to state a claim upon which relief can be granted. In considering the Milfords' motion to dismiss, the court is directed to construe the complaint in a light most favorable to the Trustee, accept as true all of the Trustee's well-pleaded factual allegations and determine whether the Trustee can prove no set of facts supporting his claims that would entitle him to relief. *See Board of Trustees of Painesville Township v. City of Painesville, Ohio,* 200 F.3d 396, 398 (6th Cir.1999); *Coyne v. American Tobacco Co.,* 183 F.3d 488, 492 (6th Cir.1999).[1]

The Milfords dispute the sufficiency of the Trustee's fraudulent transfer and preferential transfer claims under the Bankruptcy Code[2] on several grounds. First, they assert that the Trustee has failed to allege facts supporting that the Milfords

meet the definition of "insiders" under 11 U.S.C. § 101(31). Second, the Milfords argue that two of the alleged fraudulent or preferential transfers described in the complaint did not occur within 90 days or even within one year of the bankruptcy filing as required under the relevant statutes. Finally, the Milfords contest the speculative nature of some of the Trustee's claims and assert that the Trustee has not demonstrated any fraud on the part of the Milfords with particularity. The court will deal with each of these issues separately.

#### 1. Insider Status Under § 101(31)

▆▆▆ According to the Milfords' motion, the Trustee's assertions that Karen Milford was a bookkeeper of the Debtors with knowledge of the inner workings of the Debtors' business are insufficient to support that the Milfords are "insiders" under 11 U.S.C. § 101(31). Although not clear in the motion to dismiss, the Milfords' status as insiders is important to the Trustee's preferential transfer claims because it extends the "look back" period so that the Trustee may recover transfers made up to one year prior to the bankruptcy filing. 11 U.S.C. § 547(b)(4).

Section § 101(31) states that:

"insider" includes—

    (A) if the debtor is an individual—

---

1. Failing to heed the standard for a 12(b)(6) motion to dismiss, the Milfords use a significant portion of their motion to deny factual allegations within the Trustee's complaint as "unfounded" or unsupported by the "evidence" or "known facts." The court would remind the Milfords that at this stage, the Trustee is not required to produce evidence to support his factual allegations. Instead, the standard for a 12(b)(6) motion requires the court, and the parties, to assume that the Trustee's factual allegations within the complaint are true. Only if no set of facts or circumstances would entitle the Trustee to relief should a motion to dismiss be granted. If the Milfords wish to test the support for the Trustee's factual allegations, that should be

done through a properly supported motion for summary judgment or at trial.

2. The Milfords do not take issue with the Trustee's other claims or with the Trustee's fraudulent transfer counts under Ohio law except to state in one sentence that "[t]here is no evidence that the commercial transactions met the definition under O.R.C. § 1336.04." [Adv. Doc. # 8–1, p. 4.] Because the Milfords do not further explain the transactions to which they refer or analyze what definition those transactions fail to meet, the court concludes that this assertion does not rise to the level of an argument and will disregard it.

(i) relative of the debtor or of a general partner of the debtor;

(ii) partnership in which the debtor is a general partner;

(iii) general partner of the debtor; or

(iv) corporation of which the debtor is a director, officer, or person in control;

(B) if the debtor is a corporation—

(i) director of the debtor;

(ii) officer of the debtor;

(iii) person in control of the debtor;

(iv) partnership in which the debtor is a general partner;

(v) general partner of the debtor; or

(vi) relative of a general partner, director, officer, or person in control of the debtor;

(C) if the debtor is a partnership—

(i) general partner in the debtor;

(ii) relative of a general partner in, general partner of, or person in control of the debtor;

(iii) partnership in which the debtor is a general partner;

(iv) general partner of the debtor; or

(v) person in control of the debtor;

(D) if the debtor is a municipality, elected official of the debtor or relative of an elected official of the debtor;

(E) affiliate, or insider of an affiliate as if such affiliate were the debtor; and

(F) managing agent of the debtor;

11 U.S.C. § 101(31).

The Milfords assert that none of the relationships in § 101(31) includes an employee-bookkeeper of a debtor. However, the relationships listed in the statute are not exhaustive, but only illus-trative examples of "insider" relationships. *In re Krehl,* 86 F.3d 737, 741 (7th Cir. 1996); *Concord Square Apartments of Wood County, Ltd. v. Ottawa Properties, Inc. (In re Concord Square Apartments of Wood County, Ltd.),* 174 B.R. 71, 75 (Bankr.S.D.Ohio 1994). In addition to the relationships named, "the term also en-compasses anyone with 'a sufficiently close relationship with the debtor [so] that [his/her] conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor.'" *Krehl,* 86 F.3d at 741 (citing S.Rep. No. 989, 95th Cong.2d Sess., reprinted in 1978 U.S.C.C.A.N. 5787, 5810). The Trustee's complaint includes assertions that Karen Milford was an em-ployee-bookkeeper of the Debtors with knowledge of the inner workings of the business. These factual assertions of a close working relationship between Karen Milford and the Debtors are sufficient to survive the motion to dismiss.

### 2. Timing of the Transfers under 11 U.S.C. § 547 and § 548

Next, the Milfords take issue with the timing of the transfers delineated in the Trustee's complaint. Specifically, the Milfords assert that two of the transfers occurred more than one year prior to the bankruptcy and, thus, cannot be recovered by the Trustee as preferential transfers under 11 U.S.C. § 547 or fraudulent trans-fers under 11 U.S.C. § 548. Both of these statutes have a maximum one year "look back" period for the recovery of such transfers. *See* 11 U.S.C. § 547(b)(4) and 11 U.S.C. § 548(a)(1).

The two transfers involve the Milfords' alleged sale of real estate on Virginia and Meriline Avenues to the Debtors for an overinflated price. According to the com-plaint, the sales of these properties to the Debtors occurred on or about July 31, 1998 [Adv. Doc. # 1–1, ¶¶ 12–13], which was

more than one year prior to the Debtors' bankruptcy filings on November 12, 1999. Yet the Trustee refers to these transfers, as well as others, collectively within his claims for relief. Thus, in his claims under 11 U.S.C. § 547 and § 548, the Trustee suggests that the real estate transactions, as part of the collective "transfers," occurred within one year prior to the bankruptcies. [*See* Adv. Doc. # 1–1, ¶¶ 23, 48.]

▆▆▆▆ Because some of the alleged transfers, other than the real estate transactions, did take place within a year prior to the Debtors' bankruptcies [3], the Trustee has stated valid claims for relief under 11 U.S.C. § 547 and § 548. Thus, the Milfords' motion to dismiss on these grounds will be denied. However, the court agrees with the Milfords that the Trustee's vague reference to all of the transfers collectively, including ones that appear to fall outside the elements of certain claims for relief, makes the complaint difficult to answer. For these reasons, the court will grant the Milfords' alternative motion for a more definite statement and require the Trustee to delineate which of the specific transfers discussed in the complaint he is attempting to recover under each Bankruptcy Code or state statute claim for relief. In addition, if the Trustee is attempting to recover the Virginia and Meriline Avenue real estate transactions under 11 U.S.C. § 547 and § 548, the Trustee should explain how the transfers fall within the statutory "look back" period.

### 3. Pleading Fraud With Particularity

Finally, the Milfords argue that many of the Trustee's fraudulent transfer claims are speculative and that the Trustee has failed to plead these claims, as well as any fraud on the part of the Milfords, with particularity. Fed. R. Bankr.P. 7009(b) requires that:

> In all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Bankr.P. 7009(b) (incorporating into bankruptcy proceedings Fed.R.Civ.P. 9(b)).

▆▆▆▆ First, the Milfords assert that the Trustee has failed to allege any fraud on their part as the transferees, with particularity. However, the Trustee's fraudulent transfer claims are based on the *Debtors'* actual or constructive fraud and do not require proof of fraud on the part of the transferees or that misrepresentations be made by the transferees. *Kaler v. McLaren (In re McLaren)*, 236 B.R. 882, 889 (Bankr.D.N.D.1999) (noting that under § 548, "it is the intent of the Debtor as transfer or rather than that of the transferee or third parties, that is critical."). Because specific acts of fraud on the part of the transferees are not a required element of the Trustee's claims for relief, the Trustee's failure to plead fraud on the part of the Milfords with particularity does not form a basis for dismissal or require a more definite statement.[4]

▆▆▆ Second, the Milfords take issue with the lack of specificity regarding some

---

3. For example, the transfer of two $5,000.00 checks to the Milfords in December of 1998 occurred within a year of the bankruptcy filings.

4. The Trustee does aver within the complaint, that the Milfords had actual or constructive knowledge of the Debtors' fraudulent acts and schemes. [*See e.g.*, Adv.Doc. #1-1, ¶ 43.]. However, knowledge and intent may be averred generally under Fed.R.Bankr.P. 7009(b). Thus, these general averments do not form a basis for either dismissal or a more definite statement.

of the transactions alluded to in the Trustee's complaint. The Trustee states that prepetition preferential and/or fraudulent transfers between the Debtors and the Milfords may exist beyond those delineated in the complaint, but are presently unknown to the Trustee because of the Debtors' lack of cooperation. [Adv.Doc. #1-1, ¶ 14.] Thus, the Trustee includes general averments of additional transfers planning to make the averments more specific after discovery and a full accounting. [Adv.Doc. #1-1, ¶¶ 23, 30, 40, 48 and 55-57.]

Although these claims of additional transactions are vague, the court understands the Trustee's limited ability to access information at the pleading stage and will not require the Trustee, "to include in [his] pleadings information only available from the defendants through discovery." *Board of Trustees v. Illinois Range, Inc.*, 186 F.R.D. 498, 503 (N.D.Ill.1999); *U.S. Trust Co. v. Raritan River Steel Co., Inc. (In re American Spring Bed Manufacturing Co.)*, 153 B.R. 365, 374 (Bankr.D.Mass. 1993) (noting that less stringent requirements for pleading fraudulent transactions are appropriate in a bankruptcy proceeding involving a trustee suing a third party since essential facts would be solely within the knowledge of the defendants and the trustee would have to rely on second hand information to plead his case). For these reasons, the court will not grant the Milfords' motion to dismiss or motion for a more definite statement on the Trustee's speculative claims at this stage. However, after the passage of sufficient time for discovery, the court will require the Trustee to amend his complaint to include more specific averments of any additional relevant facts uncovered during discovery. The court reminds the Trustee that his amendments must meet the requirements of both Fed.R.Bankr.P. 7009 and Fed. R.Bankr.P. 7015.

## CONCLUSION

The Milfords' motion to dismiss is denied. The Milfords' motion for a more definite statement is denied in part, but granted to the extent that the Trustee is required to detail which transfers he is attempting to recover under each of his claims for relief. Furthermore, if the Trustee is attempting to recover the Meriline and Virginia Avenue real estate transfers under either 11 U.S.C. § 547 or 11 U.S.C. § 548, he must explain how those transfers fall within the statutory "look back" period.

**It is so ordered.**