ADMINISTRATIVE COMMITTEE OF THE WAL–MART STORES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN, Plaintiff

v.

Evelyn SOLES, as Personal Representative for the Estate of Patrick J. Hollander and William Diggs, as Stakeholder Defendants

No. CIV.02–5048.

United States District Court,
W.D. Arkansas,
Fayetteville Division.

May 15, 2002.

Thomas H. Lawrence, Lawrence & Russell, LLP, Memphis, TN, for Plaintiff or Petitioner.

William Isaac Diggs, Myrtle Beach, SC, for Defendant or Respondent.

### ORDER

DAWSON, District Judge.

On this 15th day of May 2002, there comes on for consideration the Defendants' motion to dismiss. *Doc. # 5.* The complaint was filed in the Western District of Arkansas stating a claim for equitable relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA). Specifically, the Plaintiff seeks to enforce a term of the Wal–Mart employee benefit plan (the Plan) that provides for recovery of certain benefits paid by the Plan if a covered person obtains a settlement related to the injuries for which plan benefits were paid.

Defendants are residents of South Carolina who contend that this case must be dismissed for lack of personal jurisdiction. The Plan is administered in Arkansas by the Plaintiff, Administrative Committee of the Wal–Mart Stores Inc. Associates' Health and Welfare Plan (the Plan Administrator). Patrick Hollander, a Wal–Mart associate employed in Myrtle Beach, South Carolina, was covered by the Plan when he sustained grievous bodily injury in a bicycle accident. Following the accident and before his untimely demise some five days later, costs in the amount of $48,837.99 were incurred for Mr. Hollander's hospitalization and medical treatment. These costs were paid by the Plan. Mr. Hollander is survived by a minor daughter who resides in South Carolina with Hollander's mother and personal representative, Defendant Evelyn Soles. Defendant William Diggs is an attorney representing the estate of Mr. Hollander, and who resides and

is licensed to practice in South Carolina. After receiving $100,000 in proceeds from an insurance settlement, the Estate paid $10,000 as reimbursement to the Plan.[1] The Plan Administrator seeks to recover from the Estate the additional medical costs of $38,837.99. The underlying dispute is whether under ERISA and/or the laws of the State of South Carolina the Estate is required to pay any additional reimbursement to the Plan. Mr. Diggs holds the disputed balance in his client trust account in a bank in South Carolina. Neither Defendant has ever been in the State of Arkansas or conducted business here, except in response to this litigation.

Defendants maintain that this court lacks personal jurisdiction over them because they do not have sufficient minimum contacts with the State of Arkansas. Plaintiff responds that ERISA confers nationwide personal jurisdiction in federal district court so long as the defendant has minimum contacts to the United States. See 29 U.S.C. § 1132(e)(2)(allowing action to be brought in district where plan is administered and process to be served in any other district where defendant resides). Based upon the facts admitted by the parties it is clear that, as residents of the State of South Carolina, Defendants do have minimum contacts with the United States but no contact with the State of Arkansas outside this litigation.

The Eighth Circuit has yet to decide whether, irrespective of the nationwide service of process provision contained within the ERISA statute, a defendant's Fifth Amendment due process rights require the district court to determine personal jurisdiction by applying the traditional minimum contacts analysis long ago established by Supreme Court in *International Shoe Co. v. Washington*, 326 U.S.

310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). However, a similar but unrelated bankruptcy rule allowing nationwide service of process has been found to confer personal jurisdiction over a defendant with minimum contacts to the United States. *In re Fed. Fountain, Inc.*, 165 F.3d 600, 601 (8th Cir.1999)(*en banc*)(holding Fed. R.Bankr.P. 7004(d) is a constitutional exercise of Congressional authority).

The majority of other circuits deciding whether ERISA bestows nationwide personal jurisdiction have held that a defendant need not have contacts with the judicial district in which venue lies so long as the defendant has contacts with the United States sufficient to satisfy due process requirements. *Medical Mut. of Ohio v. deSoto*, 245 F.3d 561 (6th Cir.2001); *Board of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors Inc.*, 212 F.3d 1031 (7th Cir.2000); *Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822 (5th Cir.1996); *United Electrical Workers v. 163 Pleasant Street Corp.*, 960 F.2d 1080 (1st Cir.1991). *See also Cripps v. Life Ins. Co. of N.Am.*, 980 F.2d 1261, 1267 (9th Cir.1992)(holding personal jurisdiction acquired under ERISA statute providing for nationwide service of process). The reasoning behind these decisions mirrors the Eighth Circuit's reasoning in *Federal Fountain*: Due process of law relates to the fairness of the exercise of power by the sovereign over an individual, and individual liberty interests are not threatened when a federal district court sitting pursuant to federal question jurisdiction exercises personal jurisdiction over an individual with minimum contacts with the United States. *Fed. Fountain*, 165 F.3d at 601–

---

1. The Estate contends that $10,000 is the limit of reimbursement available to the Plan under South Carolina law.

602; de*Soto,* 245 F.3d at 567–568; *Sheet Metal Workers' Nat'l Pension Fund,* 212 F.3d at 1036; *Bellaire Gen. Hosp.,* 97 F.3d at 825–826. Based upon the foregoing authority, we conclude that this court should rule in favor of exercising personal jurisdiction over the Defendants in this case.

We are mindful that litigating this dispute in Arkansas may be inconvenient to the Defendants, and a motion for a change of venue would not be out of order. *See* 28 U.S.C. § 1404(a). However, this case is not likely to require either Defendant to travel to Arkansas for the issues to be fairly determined. The role of this court will be limited to deciding a question of law, that is whether the Plan Administrator is entitled to enforce the reimbursement provision contained in the Plan. As the case will likely be disposed of on motion for summary judgment, no hearing or trial will be necessary, and we find and conclude that venue is proper in this district.

WHEREFORE, the Court finds that the motion to dismiss for lack of personal jurisdiction should be and hereby is DENIED. Any Defendant that has been personally served is directed to file and serve an answer to the complaint within ten days of the date of this order.

IT IS SO ORDERED.