In the Matter of COLONIAL REALTY COMPANY, Jonathan Googel, Benjamin Sisti, Consolidated Debtors.

**Hal M. HIRSCH, Trustee, Plaintiff,**

v.

**Alan VLERBAUM, Defendant.**

Bankruptcy No. 2–90–01980.
Adv. No. 2–93–6157.

United States Bankruptcy Court,
D. Connecticut.

Jan. 27, 1994.

Hal M. Hirsch, Gainsburg & Hirsch, Hartford, CT, for plaintiff-trustee.

Steven M. Basche, Jacobs, Walker & Rice, P.C., Manchester, CT, for defendant.

*RULING ON DEFENDANT'S MOTION TO DISMISS COMPLAINT*

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

. In this adversary proceeding the trustee for the chapter 7 consolidated cases of Colonial Realty Company, Jonathan Googel, and Benjamin Sisti (the debtors), utilizing various provisions of the Bankruptcy Code, seeks to recover $10,500 transferred from the debtors to the defendant, Allan Vlerebome. The de-

are "persons," thus affording standing to associ-     ates of a corporate debtor. *See* § 101(41).

fendant filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(2), *incorporated by* Fed.R.Bankr.P. 7012(b), for lack of personal jurisdiction.

## II.

The trustee filed his complaint with the court on July 12, 1993. He filed an affidavit of service on August 26, 1993 made by a nonparty over 18 years of age, stating that the summons and complaint were served on the individual defendant in Ohio by first class mail, postage prepaid, addressed to the defendant's last known address. On September 30, 1993 the defendant answered the complaint and raised several affirmative defenses, including the court's lack of jurisdiction over the defendant, an Ohio resident. On November 4, 1993 the defendant filed the present motion to dismiss for lack of in personam jurisdiction.

The defendant makes two arguments why this court lacks such jurisdiction. First, he argues that the court lacks any statutory basis for exercising personal jurisdiction. Second, the defendant argues alternatively that even "[a]ssuming arguendo that there is some [statutory] basis for jurisdiction ..., exercising jurisdiction over the Defendant is still not constitutionally permissible under the 'minimum contacts' test of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny." Defendant's Brief at 6. The trustee opposes the motion to dismiss and argues that the statutory basis for the court's personal jurisdiction exists in Fed.R.Bankr.P. 7004(b) and (d), which permit nationwide service of process by first class mail. The trustee further contends that this method of service satisfies constitutional requirements of due process.

## III.

■ The defendant correctly observes that a court obtains personal jurisdiction over a defendant when the defendant is served with process in a manner that is authorized by statute or rule and is within constitutional parameters. The defendant's assertion, however, that "[a] court may exercise personal jurisdiction over a nonresident defendant only if the nonresident is subject to service of process under the state's Long Arm Statute," Defendant's Brief at 2, fails to consider the additional methods of service authorized by the Federal Rules of Bankruptcy Procedure.

The methods for service of process permitted by Rule 7004 apply in this proceeding because, pursuant to 28 U.S.C. § 1334(b) and § 157(a), the court has subject matter jurisdiction over the trustee's complaint.[1] *See Diamond Mortgage Corp. v. Sugar,* 913 F.2d 1233, 1243 (7th Cir.1990) (" 'Proceedings arising under, arising in or related to a case under Title 11, core and non-core, are all adversary proceedings that receive the same treatment under Rule 7004.' ") (quoting *GEX Ky., Inc. v. Wolf Creek Collieries Co. (In re GEX Ky., Inc.),* 85 B.R. 431, 434 (Bankr. N.D.Ohio 1987)), *cert. denied,* 498 U.S. 1089, 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991); *Atteberry v. Barclays Bank Plc (In re Atteberry),* 159 B.R. 1, 5 (D.Kan.1993) ("Arising under Title 11, this case is one of federal question, 28 U.S.C. § 1334, and the nationwide service of process provisions of Bankruptcy Rule 7004(d) apply."); *General Am. Communications Corp. v. Landsell (In re Gen. Am. Communications Corp.),* 130 B.R. 136, 159 (S.D.N.Y.1991) (federal question subject matter jurisdiction makes Rule 7004 service provisions applicable in adversary proceedings).

Rule 7004 authorizes nationwide service of process by mail in bankruptcy adversary proceedings. Rule 7004(b) provides that service of process in an adversary proceeding "may be made within the United States by first class mail postage prepaid...." Fed. R.Bankr.P. 7004(b). Rule 7004(d) further provides that a "summons and complaint and all other process except a subpoena may be

---

**1.** Section 1334(b) confers upon the district court "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Section 157(a) authorizes district courts to refer to bankruptcy judges "any or all proceedings arising under title 11 or arising in or related to a case under title 11...." Such reference took place in the District of Connecticut by order of the Chief Judge of the United States District Court, District of Connecticut, on September 21, 1984.

served anywhere in the United States." Fed.R.Bankr.P. 7004(d). The trustee's service of process by mail to the defendant in Ohio having been made pursuant to Rule 7004, a valid statutory basis for this court's personal jurisdiction exists, and the defendant's argument that the Connecticut long-arm statute fails to permit service upon the defendant in Ohio is irrelevant.

■ The defendant next contends that the court's exercise of personal jurisdiction over him is unconstitutional. The defendant argues that notwithstanding the basis afforded by Rule 7004 for the court's exercise of personal jurisdiction, the defendant does not have sufficient minimum contacts with Connecticut to support jurisdiction, citing *International Shoe* and related cases. The doctrine stated in those cases is not applicable because those cases considered whether a state, as opposed to the federal government, could constitutionally authorize a court to exercise personal jurisdiction over a nonresident defendant. Since this court's subject matter jurisdiction is based on a federal question and not on diversity,

> the sovereign exercising its authority over the [defendant] is the United States, not the State of [Connecticut]. Hence, whether there exist sufficient minimum contacts between the [defendant] and the State of [Connecticut] has no bearing upon whether the United States may exercise it power over the [defendant] pursuant to its federal question jurisdiction.

*Diamond Mortgage Corp.,* 913 F.2d at 1244. *See also American Freight Sys., Inc. v. W.A. Walker Assocs., Inc. (In re Am. Freight Sys., Inc.),* 153 B.R. 316, 321 (D.Kan.1993) (holding that "minimum contacts with the forum state are unnecessary" when service is made under a federal service provision); *Teitelbaum v. Choquette & Co., Inc. (In re Outlet Dep't Stores),* 82 B.R. 694, 699 (Bankr.S.D.N.Y. 1988) ("[I]n federal question cases, where nationwide service of process is permitted, the 'minimum contacts' test set forth in [*International Shoe* ] does not apply."); *In re Gen. Am. Communications Corp.,* 130 B.R. at 160 ("The 'minimum contact test,' applied to a State and a defendant, has no relevance here because ... § 1334 provides us with

'federal question' jurisdiction."); *Texas Trading v. Federal Republic of Nigeria,* 647 F.2d 300, 314 (2d Cir.1981), *cert. denied,* 454 U.S. 1148, 102 S.Ct. 1012, 71 L.Ed.2d 301 (1982) (When a federal court's subject matter jurisdiction exists by virtue of a federal question and the method of service is authorized by federal provision, "the relevant area in delineating contacts is the entire United States, not merely [the forum state]."). *See also* 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1067.1, at 311 (1987) ("[A]ll of the courts of appeals that have addressed the question have applied a national contacts standard when process is served under an applicable federal service provision.").

The defendant admits that he is a resident of Ohio. *See* Affidavit of Allan Vlerebome at 1. Therefore, there can be no question that the defendant has sufficient contacts with the United States for a federal court constitutionally to exercise personal jurisdiction over him. *Fitzsimmons v. Barton,* 589 F.2d 330, 333 (7th Cir.1979) ("[T]here can be no question but that the defendant, a resident citizen of the United States, has sufficient contacts with the United States to support the fairness of the exercise of jurisdiction over him by a United States court."). Since the defendant's argument to the contrary is based only on his lack of contacts with Connecticut, his alternative argument likewise fails.

## IV.

For the above-mentioned reasons, the defendant's motion to dismiss is denied. It is

SO ORDERED.