**In re Mr. Daisy ROMANIELLO a/k/a Andrew D. Romaniello, appellant.**

**No. 3:00CV2354 (JBA).**

United States District Court, D. Connecticut.

Aug. 3, 2001.

Howard C. Eckenrode, Meuser, Eckenrode & Hayes, Milford, CT, for appellant.

Douglas Mark Evans, Kroll, McNamara & Evans, West Hartford, CT, for Sharon Bradbury Romaniello.

**RULING ON APPELLEE'S MOTION TO DISMISS APPEAL [Doc. # 8]**

ARTERTON, District Judge.

This appeal from debtor-appellant Mr. Daisy Romaniello's Chapter 7 bankruptcy

proceeding challenges Judge Dabrowski's orders overruling his objections to the proof of claim filed by appellee-creditor Natomas Financial Corporation ("Natomas") and to entry of a stipulated judgment November 9, 2000. Appellee Natomas has moved to dismiss the appeal based on Romaniello's failure to file a supporting brief in accordance with the requirements of Rule 8009 of the Federal Rules of Bankruptcy Procedure. For the reasons discussed below, appellee's motion is DENIED.

## Background

Appellee Natomas filed suit against appellant Romaniello in Connecticut Superior Court on February 11, 1998, seeking damages for a breach of contract. Romaniello did not appear in that action, and following an evidentiary hearing on damages, the state court entered judgment for Natomas for $96,186.25. On February 18, 1999, Romaniello filed a motion to reopen the judgment in state court. On April 23, before the motion to reopen was heard, Romaniello filed a voluntary petition for bankruptcy. Natomas filed its Proof of Claim based on the state court judgment, which the bankruptcy court allowed. Romaniello then pressed his motion to reopen the judgment in state court, and requested the bankruptcy court to defer entry of stipulated judgment until the state court ruled on his motion to reopen. Judge Dabrowski denied the motion and entered the stipulated judgment which allowed Natomas' proof of claim. This appeal followed.

Romaniello filed his notice of appeal with the Bankruptcy Court on November 14, 2000. That appeal was transferred to the District Court on December 8, 2000 and was docketed on December 11, 2000. Under Rule 8009 of the Federal Rules of Bankruptcy Procedure, appellant's brief was required to be filed and served by December 26, 2000, fifteen days after the entry of the appeal on the District Court docket on December 11.

On January 30, 2001, Romaniello sought an extension of time to file his brief for ninety days from the docketing of the appeal on the grounds that he had not received notice that the appeal had been docketed and had contacted the Clerk's Office on January 24, 2001 and learned that the appeal had been docketed December 11, 2001 and that the time for filing the brief had passed [Doc. # 6].[1] Natomas did not oppose this motion, and it was granted by the Court on February 14, 2001 up to March 11, 2001 (ninety days from the docketing of the appeal). *See* Endorsement Order on Doc. # 6.

March 12, 2001 came and went, with neither a brief nor any further motion for extension of time filed by appellant.[2] On April 9, Natomas moved to dismiss the appeal for failure to comply with Rule 8009. On April 27, Romaniello sought an extension of time for fifteen days to file his brief, which was denied without prejudice pending the ruling on the motion to dismiss. The Court held a conference on May 10, setting out a briefing schedule on the motion to dismiss [Doc. # 17]. Accordingly, Romaniello timely filed his opposition to the motion to dismiss and additionally, on May 29, 2001, filed his untimely appeal brief.

## Discussion

 Bankruptcy Rule 8009 provides that "[t]he appellant shall serve and file his

---

1. Neither appellant nor appellee apparently were aware that the appeal had been docketed until immediately before Romaniello sought this extension after Romaniello's counsel contacted the Clerk's Office to inquire into the status of the appeal. *See* Appellant's Br. [Doc. # 9] at 2, n. 1.

2. As March 11, 2001 was a Sunday, appellant had until March 12, 2001 to file his brief.

brief within 15 days after entry of the appeal on the docket...." These time limitations "are not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines." *In re Tampa Chain Co.*, 835 F.2d 54, 56 (2d Cir.1987) (citing *In re Beverly Manufacturing Corp.*, 778 F.2d 666 (11th Cir.1985)). Instead, the Court must exercise discretion to determine whether dismissal is appropriate in the circumstances. *See id.* Factors to consider include whether there has been a showing of bad faith, negligence, or indifference. *See id.; see also In re Futterman*, Nos. 93 B 43718(CB), 99–CV–8793 (DAB), 2001 WL 282716, *3 (S.D.N.Y. Mar. 21, 2001).

▆▆ Appellant argues that the appeal should not be dismissed because "there has been no pattern of dilitorious [sic] conduct" and there has been no conduct by appellant or his counsel which would warrant dismissal. Doc. # 14, at 5. Contrary to appellant's suggestion, this is not an case where a deadline passed because appellant's counsel was unaware of a ruling by the Court and failed to monitor the Court's docket independently. *Cf. U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 52 (2d Cir.2001) ("parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders they wish to appeal"); *In re O.P.M. Leasing Services, Inc.*, 769 F.2d 911, 916 (2d Cir.1985) (no abuse of discretion to deny motion to file untimely appeal where counsel was unaware of court's ruling and alleged that they had never received a copy because counsel has a duty to monitor the court's docket). Appellant's counsel's initial failure to monitor the Court's docket with respect to the docketing of the appeal

was excused and the Court *granted* appellant's first motion for extension of time, finding that appellant had not acted negligently, indifferently or in bad faith based on his representation that he was unaware that the appeal had been docketed until he contacted the Clerk's office on January 24, 2001.

Crediting appellant's representation that he did not receive notice of the Court's February 14 endorsement order granting the motion for an extension of time,[3] counsel's failure to make any inquiry into the status of a pending motion for extension of time as the March 11 deadline sought in that motion approached, is unexplained. If that motion had been denied, plaintiff's brief should have been filed immediately, if the appeal had not already been dismissed; if it had been granted, plaintiff had until March 11 to file the brief. Counsel could and should have sought an additional extension before March 11 in the event that he was not prepared to file the brief on March 11. The Court further observes that appellant's counsel's explanation that he "failed to address [the motion to dismiss] in an appropriate timely fashion because of the sheer press of business after [a trial from March 28 and April 6, 2001] and frankly, the sheer frustration with this particular case," Doc. # 13, ¶ 10, while perhaps candidly accurate, does not provide a basis for permitting the untimely filing of appellant's brief.

However, although the Court does not condone appellant's counsel's apparent indifference towards filing deadlines, the Court's research reveals no cases in which an appeal was dismissed after appellant had filed an appeal brief, even though untimely. *Compare, e.g., In re Futterman*, 2001 WL 282716 (Mar. 21, 2001) (dismiss-

---

**3.** Appellee's counsel apparently learned of the ruling on the motion for extension of time by

checking the Court's docket electronically.

ing where no brief filed); *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey,* 1995 WL 28509 (S.D.N.Y. Jan. 24, 1995) (same); *First National Bank of Md. v. Markoff,* 70 B.R. 264 (S.D.N.Y.1987) (same), *with In re MacInnis,* 98 Civ. 2894, 1998 WL 409726, *3 (S.D.N.Y.1998) (no dismissal where brief filed); *In re Drexel Burnham Lambert Grp., Inc.,* 142 B.R. 633, 636 (S.D.N.Y. 1992) (same). Thus, the Court finds that as appellant has now filed his brief, dismissal of the appeal is a too draconian consequence for appellant's lack of attention to filing deadlines.

**Conclusion**

As appellant has now filed his brief, appellee shows no actual prejudice, and in the interest of justice, the Court concludes that dismissal of the appeal, although within the Court's discretion, is not warranted, and appellee's motion to dismiss [Doc. # 8] is DENIED.

IT IS SO ORDERED.