**In re Ortansa MICHAELESCO, Debtor.**

**Ortansa Michaelesco, Plaintiff,**

v.

**The Estate of Bernice P. Richard, Defendant.**

**Bankruptcy No. 01–50330. Adversary No. 01–5086.**

United States Bankruptcy Court, D. Connecticut.

April 17, 2002.

Elizabeth A. Austin, Pullman & Comley, LLC, Bridgeport, CT, for Defendant.

Ortansa Michaelesco, Fairfield, CT, Pro se for Plaintiff.

## MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING

ALAN H. W. SHIFF, Chief Judge.

The complaint in this adversary proceeding asserts a direct and indirect right

to be paid by the defendant for services rendered. Contrary to Rule 8(a)(1) F.R.Civ.P., made applicable by Rule 7008(a) F.R.Bankr.P, which requires "a short and plain statement of the grounds upon which the court's jurisdiction depends," the complaint is silent as to this court's jurisdiction. The complaint is also deficient in that there is no "statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to the entry of final orders or judgment by the bankruptcy judge." Rule 7008(a) F.R. Bankr.P. The defendant has filed a motion to dismiss pursuant to Rule 12(b)(1) and (2) F.R.Civ.P, made applicable by Rule 7012 F.R.Bankr.P. For the reasons that follow, this adversary proceeding is dismissed under Rule 12(b)(2) and (6).

## BACKGROUND

The plaintiff, a chapter 13 debtor, claims that she has a direct right to payment for services she performed for Bernice P. Richard's project from September 1985 through early 1995 and an indirect right to be paid for the professional and domestic services she performed for her architect non-debtor husband on that project. *Complaint*, p. 2, 3. Regarding her asserted indirect rights, the plaintiff alleges that "[a]s the third party, the [defendant] has to assume my husband's liabilities to me and for all our debts in bankruptcy because the [defendant] did not pay … my husband … and as a result, my husband cannot fulfill his liabilities to me in the Bankruptcy Court." *Plaintiff's Amended Opposition to Defendant's Motion to Dismiss*, p. 1. Moreover,

I supported and worked side by side with my husband on this project. I supported him mentally, financially, and emotionally through this project for its entire duration. While my husband worked under tough terms of the agree-

ment, I helped him function …. I took care of the day's daily necessities. I tended to every detail in his life and our family's life, so he can do the project. In essence, I sacrificed my work and myself for him and the project.

*Complaint*, p. 2.

## DISCUSSION

### *Rule 12(b)(1) F.R.Civ.P.*

Rule 12(b)(1) provides that an action may be dismissed for "lack of jurisdiction over the subject matter." The defendant's argument that the court lacks subject matter jurisdiction is without merit. While it is likely, as the defendant argues, that this is not a "core" proceeding, it is not so, as the defendant also argues, that it is not a related proceeding.

■ A proceeding is related to a bankruptcy case and thus may be heard by a bankruptcy judge if "its outcome might have any 'conceivable effect' on the bankrupt estate." *Publicker Indus., Inc. v. United States (In re Cuyahoga Equipment Corp.)*, 980 F.2d, 110, 114 (2d Cir.1992).

A proceeding is related to bankruptcy if "*the outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.*" A key word in this test is "conceivable." Certainty, or even likelihood, is not a requirement. Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on "the debtor's rights, liabilities, options, or freedom of action" or the "handling and administration of the bankrupt estate."

*In re Marcus Hook Development Park, Inc.*, 943 F.2d 261, 264 (3d Cir.1991) (citations omitted) (emphasis in original).

■ Here the plaintiff claims that she is owed money by the defendant. If she is, the money might be an asset of this estate

from which a distribution to creditors might be made.

### Rule 12(b)(2) F.R.Civ.P.

■ Rule 12(b)(2) provides that an action may be dismissed for "lack of jurisdiction over the person." The determination of a motion to dismiss under Rule 12(b)(2) ordinarily starts with an analysis of the jurisdictional allegations of the complaint and the plaintiff's supporting affidavits or documents to determine whether there is a nexus between the defendant and the state in which the court sits. *See Chaiken v. VV Publishing Corp.*, 119 F.3d 1018, 1025 (2d Cir.1997), *cert. denied*, 522 U.S. 1149, 118 S.Ct. 1169, 140 L.Ed.2d 179 (1998).

■ Had there been any references in the complaint, affidavits, or documents to jurisdiction, the court would have considered them in the light most favorable to the assertion of jurisdiction, *see Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985), but there were none. The complaint merely states "Estate of Bernice P. Richards whose address is: Surrogate's Court of the County of New York, 31 Chambers Street, New York, N.Y. 10007." *Complaint*, p. 1. Quite apart from the questionable accuracy of the allegation that the defendant's address is that of a New York court, it is apparent that there is no basis to conclude that there is any connection between Connecticut and the defendant. Therefore, the defendant's motion must be granted. But that conclusion does not end the analysis. Even apart from the lack of in personam jurisdiction, this adversary proceeding must be dismissed under Rule 12(b)(6) F.R.Civ.P., made applicable by Rule 7012(b) F.R.Bankr.P.[1]

### Rule 12(b)(6) F.R.Civ.P.

It is apparent that the principal basis of the defendant's motion is that under Connecticut law, the defendant could not be sued. In essence, the defendant argues that the complaint failed "to state a cause of action upon which relief could be granted." *See* Rule 12(b)(6). Since the plaintiff addressed that issue in her responsive papers, *see* Plaintiff's Amended Opposition to Defendant's Motion to Dismiss, p. 6, and also in her argument at the hearing, *see Hearing Tape, August 14, 2001 at 11:06:12 to 11:14:20*, the court will also consider the defendant's motion in the context of that rule.

■ It is well settled in this circuit that the pleadings of *pro se* plaintiffs should be construed liberally. *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir.2001) (citation omitted). *See also Green v. United States*, 260 F.3d 78, 83 (2d Cir.2001) ("*pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest") (citations and internal quotation marks omitted).

■ Rule 17(b) F.R.Civ.P., made applicable by Rule 7017 F.R.Bankr.P., provides in relevant part:

> The capacity of an individual, other than one acting in a representative capacity, to ... be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state,

---

**1.** The defendant's argument that there is no in personam jurisdiction because governing Connecticut law prohibits an action against an estate is better raised under Rule 12(b)(6). *See, infra,* text at p. 6–8.

may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States . . . .

The defendant is neither an individual nor a corporation. Therefore, its capacity to be sued must be determined by Connecticut law which provides:

> [a]n estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent . . . . Not having a legal existence, it can neither sue nor be sued.

*Isaac v. Mt. Sinai Hospital*, 3 Conn.App. 598, 600, 490 A.2d 1024 (citations omitted), *cert. denied* 196 Conn. 807, 494 A.2d 904 (1985).

■ Although not stated in the written submissions on this motion, the issue of whether the *pro se* plaintiff should have sued the legal representatives of the estate, *i.e.*, the executors of the estate, was considered at the August 14, 2001 hearing. In responding to defendant's argument that a decedent's estate is not an entity that can be sued, the plaintiff argued that she could have sued the executors of the estate under Rule 17(b)(1) because the defendant may be treated as an unincorporated association, and as such, fits within the exception to that rule. *See Hearing Tape, August 14, 2001 at 11:06:12 to 11:12:19.*

That argument is without merit even if the plaintiff were permitted to amend her complaint. The executors of a decedent's estate are not an "unincorporated association" for purposes of Rule 17(b)(1). Examples of the type of entities contemplated by that rule are labor unions, *see United Mine Workers of America v. Coronado Coal Company*, 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975 (1922); *Loss v. Blankenship*, 673 F.2d 942 (7th Cir.1982), and commodities brokerage firms, *see Commodity Fu-*

*tures Trading Commission v. Chilcott Portfolio Management*, 713 F.2d 1477 (10th Cir.1983).

Executors, who constitute a group only because of their selection by the decedent, not from any "form[ation] by mutual consent for the purpose of promoting a common objective," *Comm. for Idaho's High Desert v. Yost*, 92 F.3d 814, 820 (9th Cir. 1996) (citation omitted), do not share the relevant characteristics with these unincorporated associations. Accordingly, since applicable law mandates the conclusion that the defendant cannot be sued, the instant motion to dismiss must be granted.

### CONCLUSION

For the foregoing reasons, the defendant's motion is granted under Rule 12(b)(2) and this adversary proceeding is dismissed under that rule and Rule 12(b)(6).