**In re MICHAELESCO, Debtor.**

**Ortansa Michaelesco, Appellant,**

**v.**

**Estate of Bernice P. Richard, Appellee.**

**No. 3:02CV865(JBA).**

United States District Court,
D. Connecticut.

Feb. 6, 2003.

Ortansa Michaelesco, Fairfield, CT, pro se.

**Ruling on Appeal from Decision of Bankruptcy Court, Appellee's Motion to Dismiss the Appeal [Doc. # 4], and Appellant's Motion for Default [Doc. # 12].**

ARTERTON, District Judge.

Plaintiff-appellant Ortansa Michaelesco ("Michaelesco") appeals *pro se* from the Bankruptcy Court's dismissal of her adversary proceeding under Fed.R.Civ.P. 12(b)(2) and (6) as made applicable by Fed. R. Bankr.P. 7012(b). *See In re Michaelesco*, 276 B.R. 39 (Bankr.D.Conn.2002). Defendant-appellee Estate of Bernice P. Richard ("Estate") urges this Court to affirm and to dismiss the appeal for Michaelesco's failure to timely comply with Fed. R. Bankr.P. 8006 and 8009 with respect to her appellate brief, designation of items to be included in the appellate record, and statement of issues to be presented in the appeal. For the reasons set forth below, appellee's motion to dismiss the appeal [Doc. # 4] is DENIED, the Bankruptcy Court's dismissal is REVERSED, and this proceeding is REMANDED with instructions that the Bankruptcy Court rule on Michaelesco's motion to join Robert Carr and Joelle Shefts in their capacity as executors of Estate and for further proceedings not inconsistent with this opinion.[1]

**I. Background**

Michaelesco, a debtor under 11 U.S.C. §§ 1301–1330, initiated *pro se* an adversary proceeding against Estate on May 16, 2001, alleging "a direct right to payment for services she performed for Bernice P. Richard's project from September 1985 through early 1995 and an indirect right to be paid for the professional and domestic services she performed for her architect non-debtor husband on that project." *In re Michaelesco*, 276 B.R. at 41.

Michaelesco's complaint did not specify the exact nature of her alleged direct right for payment. Attachments to her appellate brief include her motion for summary judgment filed with the Bankruptcy Court with its corresponding affidavit from Daniel D. Michaelesco, appellant's husband. The affidavit indicates that at least part of the direct right for payment claimed by Michaelesco stems from drawing work she performed for the Estate after her husband, the project's architect and construction manager, "hired [Michaelesco] to computer transcribe for the Estate, twelve drawings . . . ." Appellant's Br. Tab E, Aff. of D. Michaelesco at 2. The affidavit further asserts that "the [Estate] benefited from [Michaelesco's] work [in obtaining a certificate of occupancy] . . . [and] was fully aware of [the work's] necessity . . . that [Michaelesco] was hired [and] . . . had to be paid . . . ." *Id.* at 2–3.

Regarding her asserted indirect rights, Michaelesco's complaint further alleged,

I supported and worked side by side with my husband on this project. I supported him mentally, financially, and emotionally through this project for its entire duration. . . . While my husband worked under the tough terms of the agreement, I helped him function for the average daily 12 hours of work and four hours of commuting to the site of the project, from Connecticut to New York City and back to Connecticut. I took

---

1. Michaelesco's motion for default [Doc. # 12] seeking judgment of default against Estate stemming from Estate's failure to respond to her motion for summary judgment filed in the Bankruptcy Court before dismissal of her adversary proceeding is DENIED because it is not related to a failure to respond to any motion filed in this appeal.

care of the day's daily necessities. I tended to every detail in his life and our family's life, so he can do the project. In essence, I sacrificed my work and myself for him and the project.

Appellant's Br. Tab B at 2.

Michaelesco's complaint summarized her causes of action as, "The [Estate] denied my husband and me payment for services we rendered for Bernice P. Richard and the [Estate] . . . ." *Id.* at 3.

## II. Bankruptcy Court's Decision

Estate moved to dismiss Michaelesco's adversary proceeding on multiple grounds, including that the court lacked subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) as Michaelesco's adversary proceeding was not a "core" or "related" proceeding and Michaelesco lacked standing to assert her claims, and the Estate had no capacity to be sued under Fed.R.Civ.P. 17(b). The Bankruptcy Court did not address Estate's standing argument.

The Bankruptcy Court held that, under Fed.R.Civ.P. 12(b)(1), although "it is likely . . . that [Michaelesco's action] is not a 'core' proceeding [as defined by 28 U.S.C. § 157(b)(2) ]," subject matter jurisdiction was conferred by 28 U.S.C. § 1334(b) because it was conceivable that money owed by Estate to Michaelesco might be an asset of Michaelesco's bankruptcy estate available for distribution to creditors, and thus the proceeding related to Michaelesco's chapter 13 bankruptcy case. *See In re Michaelesco*, 276 B.R. at 41–42 (*citing Publicker Indus., Inc. v. U.S.*, 980 F.2d 110, 114 (2d Cir.1992)). Estate does not appeal from this holding.

Although the issue was apparently not briefed by either party, the Bankruptcy Court determined that it lacked personal jurisdiction over Estate, and thus dismissed Michaelesco's adversary proceeding under Fed.R.Civ.P. 12(b)(2): "Quite apart from the questionable accuracy of the allegation that the defendant's address is that of a New York court, it is apparent that there is no basis to conclude that there is any connection between Connecticut and the defendant." *In re Michaelesco*, 276 B.R. at 42.

Construing Estate's capacity argument as a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), the Bankruptcy Court also granted Estate's motion to dismiss on the alternative grounds that, because Estate is not a legal entity that can be sued under Connecticut law, Estate lacked capacity to be sued under Fed.R.Civ.P. 17(b) as made applicable by Fed. R. Bankr.P. 7017.

## III. Procedural History of Appeal

Michaelesco timely filed her notice of appeal with the clerk of the Bankruptcy Court on April 29, 2002. The resulting entry on the adversary proceeding docket sheet recorded that "Appellant['s] Designation" was due on May 9, 2002. No designation was filed. On May 21, 2002, pursuant to Fed. R. Bankr.P. 8007(b), the clerk of the Bankruptcy Court transferred to the clerk of this Court Michaelesco's notice of appeal and a certified copy of the adversary proceeding docket sheet. The clerk of this Court docketed the appeal on May 23, 2002 and sent notice to both parties that briefing would proceed pursuant to Fed. R. Bankr.P. 8009. The first entry on the corresponding docket sheet for the appeal noted, "All Bankruptcy Briefs due by 6/29/02."

On June 12, 2002, Estate filed a motion to dismiss the appeal, arguing that Michaelesco's failure to designate the record within ten days of filing her notice of appeal and to file an appellate brief within fifteen days after entry of the appeal on this Court's docket violated Fed. R.

Bankr.P. 8006 and 8009(a), warranting dismissal for failure to prosecute (Fed. R. Bankr.P. 8001(a)). Michaelesco's opposition filed on June 19, 2002, contends that she was still timely with respect to her appellate brief, and that, in *pro se* cases, it falls to the Bankruptcy Court to prepare and forward the record for appeal. Also on June 19, 2002, Michaelesco moved for an extension of time to July 18, 2002, to file her appellate brief. In granting the extension over objection, this Court advised Michaelesco that it was her obligation to designate the record for the Bankruptcy Court to transmit with her notice of appeal. On July 19, 2002, Michaelesco filed her appellate brief, including her statement of issues and ten tabulated portions of the record. Estate's brief followed on August 14, 2002, and, in turn, Michaelesco's reply was filed on October 1, 2002.

## IV. Estate's Motion to Dismiss Appeal for Failure to Comply with Fed. R. Bankr.P. 8006 and 8009(a)

Fed. R. Bankr.P. 8006 requires that an appellant file with the clerk of the Bankruptcy Court and serve on an appellee "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within ten days after filing the notice of appeal. Michaelesco did not do so until eighty days after notice was filed, but ten days after the Court directed her attention to her obligation to designate the record.

Although Michaelesco failed to file her appellate brief within fifteen days after entry of the appeal on the docket of the District Court (Fed. R. Bankr.P. 8009), she explained on June 19, 2002 that she thought her brief was still timely because the first entry on the Court's docket sheet included the notation "All Bankruptcy Briefs due by 6/29/02." She then obtained an enlargement of time to July 18, 2002, and filed her brief on July 19, 2002 without explanation for being one day overdue.

The Second Circuit has held that the time limitations of Fed. R. Bankr.P. 8009 "are not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines." *In re Tampa Chain Co.*, 835 F.2d 54, 56 (2d Cir.1987). Rather, when an appellate brief has been untimely filed, the court must "determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion." *Id.* at 55. Dismissal based on bad faith, negligence or indifference is proper and does not constitute an abuse of discretion. *See id.* at 55–56. Other bases for dismissal may also be proper, *see id.*, including the prejudicial effect of the untimely filing on appellee. *See, e.g., In re SPR Corp.*, 45 F.3d 70, 72, 74 (4th Cir.1995); *In re Romaniello*, 265 B.R. 349, 352 (D.Conn.2001).

■ Although *Tampa Chain* does not reference any particular rule, its holding comports with Fed. R. Bankr.P. 8001(a), which provides in pertinent part,

An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground for such action as the district court ... deems appropriate, which may include dismissal of the appeal.

Thus, although no published opinion of the Second Circuit has applied the holding in *Tampa Chain* to the time limitations of Fed. R. Bankr.P. 8006, there is no meaningful distinction between an untimely appellate brief and an untimely record designation and appropriate action is determined after review of all the cir-

cumstances.[2] *See also, e.g., In re MacInnis,* No. 98 Civ. 2894, 1998 WL 409726, at *3 (S.D.N.Y. July 21 1998)(time limitations imposed by Fed. R. Bankr.P. 8006 are not jurisdictional and thus failure to meet those limitations does not mandate automatic dismissal by district court); *French Bourekas Inc. v. United Capital Corp.,* 199 B.R. 807, 814 (E.D.N.Y. 1996)(same).

▇ Reviewing the circumstances in this case, the Court concludes that Michaelesco's appeal should be permitted to go forward. A *pro se* litigant's misinterpretation of the first entry on the docket sheet as requiring appellant's brief on June 29, 2002 instead of June 7, 2002, does not evidence bad faith, neglect, or indifference with respect to established deadlines, particularly as Michaelesco requested an extension of time of the perceived June 29 deadline, which was granted (although her subsequent filing one day overdue remains unexplained).

Similarly, although appellant's excuse for her belated designation of the record and statement of issues—her misconception that, in *pro se* cases, the Bankruptcy Court prepares and forwards the record for appeal—is not entirely convincing since she makes no claim to have timely inquired on the point, she did file ten days after this Court called her obligation to her attention. Under such circumstances, the Court cannot conclude that this *pro se* litigant has shown bad faith, negligence, or sufficient indifference to warrant the drastic step of dismissing her appeal.

Finally, the Court notes that Michaelesco's tardiness is not claimed to have had any prejudicial effect on Estate. Although late, appellant's brief, statement of issues, and constructive designation of the record were all served on appellee within three months following the filing of the notice of appeal, including the Court-approved extension of time. Appellee's motion to dismiss the appeal [Doc. # 4] is DENIED.

## V. Merits of Appeal

### A. Jurisdiction and General Standard of Review

▇ As relevant here, 28 U.S.C. § 158(a)(1) confers jurisdiction upon a district court to hear an appeal from the final judgment, order, or decree of a bankruptcy judge dismissing an adversary proceeding related to a Title 11 case. Fed. R. Bankr.P. 8013 provides that "[o]n appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." The district court's review of questions of law, the only standard relevant in this appeal, is de novo. *See In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 988 (2d Cir.1990); *In re Northeastern Contracting Co.,* 233 B.R. 15, 18 (D.Conn.1999).

### B. Dismissal by Bankruptcy Court under Fed.R.Civ.P. 12(b)(2) for Lack of Personal Jurisdiction

Although appellant's brief is often difficult to follow, she essentially argues that the Bankruptcy Court erred in dismissing her adversary proceeding pursuant to Fed. R.Civ.P. 12(b)(2) because it improperly im-

---

**2.** The Court is aware that there exists some uncertainty regarding the proper standard to be applied when evaluating whether to dismiss a bankruptcy appeal for failure to comply with non-jurisdictional time limits such as those found in Fed. R. Bankr.P. 8006 and 8009. For circuit court discussions of this issue, see, for example, *In re SPR Corp.,* 45 F.3d at 71–74 (rejecting application of Fed. R. Bankr.P. 9006(b)(1) in favor of Fed. R. Bankr.P. 8001(a)), *In re Bulic,* 997 F.2d 299, 301–03 (7th Cir.1993), and *Sierra Switchboard Co. v. Westinghouse Elec. Corp.,* 789 F.2d 705 (9th Cir.1986).

ported a minimum contacts analysis from diversity jurisdiction (28 U.S.C. § 1332) into the separate and distinct inquiry of whether the Bankruptcy Court had jurisdiction over appellee under 28 U.S.C. § 1334(b). *See In re Michaelesco,* 276 B.R. at 42. This Court agrees.

■ In a diversity action, the personal jurisdiction inquiry has two parts: 1) Whether defendant is amenable to service of process under a state long arm statute; and 2) if so, whether the court's assertion of jurisdiction under the long arm statute comports with the requirements of due process. *See Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567 (2d Cir.1996). The due process inquiry in turn has two related components: whether a nonresident defendant possesses minimum contacts with the forum state to justify the court's exercise of personal jurisdiction, and whether the assertion of personal jurisdiction is reasonable under the circumstances. *See id.* at 567–69.

■ By contrast, because "[c]ongressional power to authorize nationwide service of process in cases involving the enforcement of federal law is beyond question," *Mariash v. Morrill,* 496 F.2d 1138, 1143 n. 6 (2d Cir.1974), with respect to U.S. residents, constitutional due process in a federal question case requires only that the nationwide service

authorized by statute is "reasonably calculated to inform the defendant of the pendency of the proceedings in order that he may take advantage of the opportunity to be heard in his defense." *Id.* at 1143. A minimum contacts analysis with the forum state in which the district court sits is unnecessary because the sovereign exercising jurisdiction is the United States, not a particular state. *See id.* Thus, exercise of jurisdiction is justified if the defendant resides within the territorial boundaries of the United States and has been properly served. *See id.*[3]

■ In a proceeding brought in the Bankruptcy Court under the related to jurisdiction of 28 U.S.C. 1334(b),[4] Fed. R. Bankr.P. 7004(d) applies, *see* Fed. R. Bankr.P. 7001; *Diamond Mortgage Corp. v. Sugar,* 913 F.2d 1233, 1243–44 (7th Cir. 1990); *In re Colonial,* 163 B.R. at 432, providing "[t]he summons and complaint and all other process except a subpoena may be served anywhere in the United States." Fed. R. Bankr.P. 7004(d).[5] Accordingly, as subject matter jurisdiction under 28 U.S.C. 1334(b) is based on a federal question—here relatedness of a proceeding to a case under Title 11—and nationwide service of process is authorized in such proceedings, several circuit courts have concluded and the holding of *Mar-*

---

**3.** *See also IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1056–57 (2d Cir. 1993); *Kidder, Peabody & Co. v. Maxus Energy Corp.,* 925 F.2d 556, 562 (2d Cir.1991)(jurisdiction predicated on section 27 of the Securities Exchange Act of 1934, which provides for nationwide service of process, confers personal jurisdiction over a defendant who is served anywhere in the United States).

**4.** Title 28, section 1334(b) of the U.S.Code actually confers upon the district court "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11," and, in

turn, 28 U.S.C. 157(a) authorizes district courts to refer to bankruptcy judges "any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . ." Such referral was made in the District of Connecticut by order of the Chief Judge on September 21, 1984. *See In re Koper,* 284 B.R. 747, 748 (Bankr.D.Conn.2002); *In re Colonial Realty Co.,* 163 B.R. 431, 432 n. 1 (Bankr.D.Conn.1994).

**5.** The Federal Rules of Bankruptcy Procedure are promulgated by the Supreme Court as authorized by 28 U.S.C. § 2075.

*iash* directs that whether there exists a connection between the defendant and the forum state in which the Bankruptcy Court sits is irrelevant and the personal jurisdiction inquiry should focus on whether the defendant in the proceeding resides within the United States. *See In re Federal Fountain,* 165 F.3d 600 (8th Cir. 1999)(en banc); *Diamond Mortgage,* 913 F.2d at 1244; *In re Celotex Corp.,* 124 F.3d 619, 629–30 (4th Cir.1997).[6]

Accordingly, that part of the Bankruptcy Court's opinion grounding its grant of Estate's motion to dismiss on the lack of connection between Estate and the State of Connecticut was error and must be reversed.

## C. Lack of Capacity

■ The Court agrees with the Bankruptcy Court's conclusion that Estate lacks capacity to be sued,[7] but disagrees that, under the facts of Michaelesco's action, such conclusion mandates dismissal of Michaelesco's adversary proceeding. Rule 17(b) made applicable by Fed. R. Bankr.P. 7017, provides in relevant part,

> The capacity of an individual, other than one acting in a representative capacity, to ... be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or the laws of the United States...

Estate is not an individual, corporation, or, under the law of the state of Connecticut, a partnership or other unincorporated association, *see, e.g.,* Conn. Gen.Stat. § 33–602(12),[8] and Michaelesco's complaint in-

---

**6.** To the extent that a U.S. resident in a related to adversary proceeding finds the forum state inconvenient in which to litigate, the defendant may move for a transfer of venue. *See e.g., Federal Fountain,* 165 F.3d at 602. For discussion regarding whether such motion is properly made under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1412, see *In re Harnischfeger Indus., Inc.,* 246 B.R. 421, 434–35 (Bankr.N.D.Ala.2000); *In re Geauga Trenching Corp.,* 110 B.R. 638, 653–54 (Bankr. E.D.N.Y.1990); *Goldberg Hold. Corp. v. NEP Prod., Inc.,* 93 B.R. 33, 34 (S.D.N.Y.1988).

The Court also notes that, in contrast to *Mariash, Diamond, Federal Fountain,* and *In re Celotex,* other appellate courts have concluded that, even where a federal statute provides for nationwide service of process, the due process concerns of the Fifth Amendment are not automatically satisfied merely because the defendant has both minimum contacts with the United States, and notice and opportunity to be heard. *See Peay v. BellSouth Med. Assistance Plan,* 205 F.3d 1206 (10th Cir.2000); *Republic of Panama v. BCCI Holdings,* 119 F.3d 935, 948 (11th Cir.1997); and

*ESAB Group, Inc. v. Centricut, Inc.,* 126 F.3d 617, 627 (4th Cir.1997).

**7.** Even though the defense of lack of capacity is not expressly mentioned in Fed.R.Civ.P. 12(b), the Bankruptcy Court's treatment of Estate's capacity argument as one made under Fed.R.Civ.P. 12(b)(6), *see Michaelesco,* 276 B.R. at 42 n. 1, follows a traditional practice. *See Klebanow v. New York Produce Exch.,* 344 F.2d 294, 296 n. 1 (2d Cir.1965) (Friendly, J.); *Willard v. Town of Hamburg,* No. 96–cv–0187E(H), 1996 WL 607100, at *1 (W.D.N.Y. Sept.30, 1996).

**8.** *See* 6A Wright, Miller, & Kane, *Federal Practice and Procedure:* Civil 2d § 1564 (2d ed. 1990) ("... under Rule 17(b) the question of what constitutes an unincorporated association for capacity purposes will be determined in accordance with the law of the state in which the court is sitting."); *Coverdell v. Mid–South Farm Equip. Ass'n, Inc.,* 335 F.2d 9 (6th Cir.1964). *But see Comm. for Idaho's High Desert v. Yost,* 92 F.3d 814, 820 (9th

vokes state law causes of action but does not seek to enforce any federal substantive right. Accordingly, under the rule, Estate's capacity to be sued must be determined by the "law of the state in which the [Bankruptcy Court] is held." Under Connecticut law,

> [a]n estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent .... Not having a legal existence, it can neither sue nor be sued.

*Isaac v. Mt. Sinai Hosp.*, 3 Conn.App. 598, 600, 490 A.2d 1024 (1985). The Bankruptcy Court therefore correctly concluded that Estate lacked capacity to be sued under the federal rules.

However, the Bankruptcy Court also concluded that even if Michaelesco were permitted to amend her complaint to name the executors of Estate as defendants, capacity issues under Fed.R.Civ.P. 17(b) would still not be obviated. *See In re Michaelesco*, 276 B.R. at 43. This was error. Under Connecticut law, "[a] cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person." Conn. Gen.Stat. § 52–599. Thus, Michaelesco could have cured the capacity issue by joining the executors of Estate and her adversary proceeding could not have been dismissed.

On remand, the Bankruptcy Court should rule on Michaelesco's motion to join Robert Carr and Joelle Shefts in their representative capacity as executors of Estate, which was held in abeyance/stayed pending disposition of Estate's motion to dismiss. If the Bankruptcy Court permits Michaelesco to substitute the executor defendants (for Estate), her adversary proceeding can proceed free of capacity issues.[9] If not, the adversary proceeding must be dismissed for, as set forth above, Estate lacks capacity to be sued under Fed.R.Civ.P. 17(b).

**D. Michaelesco's Lack of Standing**

Estate urges that the decision to dismiss Michaelesco's adversary proceeding should be affirmed on grounds other than relied on by the Bankruptcy Court, specifically, that "the record provides no basis for [Michaelesco's] standing to bring claims on behalf of her husband." Appellee Br. at 7. Appellee asserts that, under New York law,[10] "a person who is neither a party to, nor an intended third party beneficiary of a contract lacks standing to enforce that contract." *Id.* Construing Michaelesco's complaint as alleging only breach of contract between her husband and Bernice P. Richard/Estate, appellee contends that Michaelesco, having alleged no facts to support the conclusion that she was a party or third party beneficiary to her husband's alleged contract, lacks standing to bring the adversary proceeding.

Estate's argument fails to recognize that, as set forth by the Bankruptcy Court, Michaelesco's complaint alleges a direct

Cir.)(Where substantive federal rights are alleged, what constitutes an unincorporated association for purposes of Fed.R.Civ.P. 17(b) is a question of federal law.).

9. The joinder of Estate's executors would raise no issues of personal jurisdiction because both executors, residents of New York, have sufficient contacts with the United States such that a federal court sitting in Connecti-

cut may exercise jurisdiction over them in the context of an adversary proceeding commenced pursuant to 28 U.S.C. § 1334(b). Venue concerns can be dealt with separately. *See supra* at note 6.

10. As it is unnecessary to the disposition of the appeal, the Court does not address whether New York law governs the allegations in Michaelesco's complaint.

right to payment from Estate for work she performed in addition to indirect rights. As illuminated by Mr. Michaelesco's affidavit attached to Michaelesco's summary judgment motion in Bankruptcy Court, at least part of Michaelesco's claimed direct right stems from drawing work she allegedly performed for Estate. It is not clear whether she performed such work as an employee of her husband, as Estate's employee (hired by her husband as Estate's agent in his capacity as project manager and architect), or as an independent contractor. With respect to the drawing work, it is also claimed that Estate was aware of the employment arrangement, benefitted from the work, and was fully aware of both the necessity of the work and Michaelesco's need to be paid for it. Whether styled breach of contract, unjust enrichment, quantum meruit or other cause of action, Michaelesco would appear to have standing to pursue her own claim of a direct right to payment from Estate.[11] Determination of Michaelesco's standing to assert an indirect right to payment will require submission of further particularized allegations of fact, for example, allegations regarding the exact terms of the agreement between Mr. Michaelesco and Bernice P. Richard/Estate. *See Thompson v. County of Franklin*, 15 F.3d 245, 249 (2d Cir.1994).

## VI. Conclusion

In summary, appellee's motion to dismiss the appeal [Doc. # 4] is DENIED, appellant's motion for entry of default [Doc. # 12] is DENIED, the Bankruptcy Court's dismissal is REVERSED, and this adversary proceeding is REMANDED to the Bankruptcy Court for a determination

---

11. Michaelesco's complaint may also be claiming rights as an intended third party beneficiary of a contract between Bernice P. Richard/Estate and Mr. Michaelesco that generally allowed the latter to hire individuals as

of whether Michaelesco will be permitted to join executor defendants and for further proceedings consistent with this opinion.

IT IS SO ORDERED.

necessary for completing work assignments. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662–63 (2d Cir. 1996).