April COULOUTE, Plaintiff,

v.

HUNT, LEIBERT, CHESTER & JA-
COBSON, LLC and MERCURY
MORTGAGE INC., Defendants.

No. 3:03CV422 (PCD).

United States District Court,
D. Connecticut.

July 2, 2003.

Daniel S. Blinn, Sarah Poriss, Consumer Law Group, Rocky Hill, CT, for plaintiff.

Patrick Crook, Hunt, Leibert, Chester & Jacobson, Hartford, CT, for defendants.

## RULING ON PLAINTIFF'S MOTION TO REMAND

DORSEY, Senior District Judge.

Plaintiff moves to remand this suit to state court. For the reasons set forth herein, Plaintiff's Motion to Remand is **granted**.

### I. BACKGROUND

Plaintiff alleges injury suffered as a result of foreclosure proceedings on her mortgage in violation of the automatic stay provision of 11 U.S.C. § 362. Plaintiff claims that Defendants' actions prevented her from refinancing the mortgage after filing for Chapter 13 bankruptcy protection. In this suit Plaintiff seeks damages for 1) slander of title pursuant to Conn. Gen.Stat. § 47–33j; and 2) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42–110a *et seq.*

Plaintiff filed the present complaint in state Superior Court, Judicial District of Hartford on February 5, 2003. Defendant removed the action to this court on March 11, 2003 claiming federal question jurisdiction. Plaintiff now moves to remand the case to state court.

### II. DISCUSSION

Plaintiff argues that the District Court lacks subject matter jurisdiction to hear the claims, as diversity is not asserted and there is no question of federal law. Defendant alleges that a bankruptcy question is raised, over which the federal courts have jurisdiction.

#### A. Legal Standard

"It is ... hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." *Linardos v. Fortuna,* 157 F.3d 945, 947 (2d Cir.1998). As the party moving for removal in the instant case, Defendant has the burden of showing that the district court has jurisdiction over the case. In considering whether federal jurisdiction is appropriate, the removal statutes are to be strictly construed. *Somlyo v. J. Lu–Rob Enters., Inc.,* 932 F.2d 1043, 1045–46 (2d Cir.1991); *see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Doubts as to the existence of subject matter jurisdiction are to be resolved in favor of state court jurisdiction. *Id.* at 1046.

#### B. Federal Question Jurisdiction

A suit initially filed in state court can only be removed to district court if the suit

could originally have been brought there. 28 U.S.C. § 1441 (1948). As Defendant's Notice of Removal does not allege diversity jurisdiction, federal jurisdiction must be premised on 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

■ To "arise under" federal law, the matter must "substantially involve[ ] a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends." *Gully v. First Nat'l Bank,* 299 U.S. 109, 114, 57 S.Ct. 96, 81 L.Ed. 70 (1936). The courts have adopted the "well-pleaded complaint" rule to govern when a party claims a suit "arises under" federal law. *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Federal jurisdiction is justified where the cause of action arising under federal law appears on the face of plaintiff's well-pleaded complaint. *Louisville & Nashville R.R. Co. v. Mottley* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *see also* 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3522 (2d ed.1984).

■ The plaintiff is master of his or her own complaint and is free to plead claims as he or she sees fit. *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913). A plaintiff can thus avoid federal jurisdiction by relying exclusively on state law in the well-pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A plaintiff cannot, however, artfully neglect to plead a necessary federal claim to avoid removal jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S.* *Cal.,* 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

■ Even if the complaint pleads a state cause of action it can still arise under the federal law for jurisdictional purposes if the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise,* 463 U.S. at 13, 103 S.Ct. 2841. In the instant case, Plaintiff's well-pleaded complaint raises issues of state tort law for slander of title and unfair trade practices. Plaintiff, however, also implicates federal bankruptcy law as the complaint alleges a violation of the automatic stay statute, 11 U.S.C. § 362(h), as a basis for her state causes of action. (Compl.¶ 14).

## C. Bankruptcy Court Jurisdiction

■ The federal question raised in Plaintiff's complaint is not properly answered by this court. The district courts have original jurisdiction over questions of bankruptcy law. 28 U.S.C. § 1334(a). "Section 1334(a) of the Judicial Code vests original and exclusive jurisdiction over cases arising under Title 11 (the Bankruptcy Code) in the federal district courts, and a case under § 362(h) is such a case." *Martin–Trigona v. Champion Fed. Sav. and Loan Ass'n,* 892 F.2d 575, 577 (7th Cir.1989). The district courts, however, can refer that jurisdiction to the bankruptcy courts. 28 U.S.C. § 157(a). The District Court of Connecticut has made such a referral. *See In re Michaelesco,* 288 B.R. 646, 653 n. 4 (D.Conn.2003) (referring to the Sept. 21, 1984 order by the Chief Judge referring actions "arising in" or "related to" a case under Title 11 to the bankruptcy courts). Therefore, issues of bankruptcy law that require adjudication, even when state tort claims are pled, must first be presented to the bankruptcy court. *E. Equip. and Servs. Corp. v. Factory*

*Point Nat'l Bank,* 236 F.3d 117, 120–121 (2d Cir.2001); *see also MSR Exploration, Ltd. v. Meridian Oil, Inc.,* 74 F.3d 910, 913 (9th Cir.1996). The fact that the claims are couched as state tort claims rather than as a violation of the automatic stay does not require a different conclusion as the tort claims necessarily require a finding as to whether the automatic stay was violated. As only the bankruptcy court has the authority to make such a finding, the case is properly adjudicated in bankruptcy court.

As this court could not initially hear the cause of action brought by the Plaintiff, whether it is a state tort claim or a question of federal bankruptcy law, it cannot hear it with removal jurisdiction either. 28 U.S.C. § 1441. As the pending motion is for remand, this court can only return the instant action to the court from which it came and accordingly grants Plaintiff's Motion for Remand. *E. Equip. and Servs. Corp.,* 236 F.3d 117.[1]

### D. Attorney's Fees

Pursuant to 28 U.S.C. § 1447(c) upon remand for lack of subject matter jurisdiction this court can award attorney's fees for improper removal of the case to federal court. As Plaintiff's invocation of the provision in no way constitutes a proper motion for attorney's fees, the issue need not be addressed at this time.

## III. CONCLUSION

As the bankruptcy court has jurisdiction to hear the instant case, Plaintiff's Motion

---

1. Due to jurisdictional issues this court cannot dismiss Plaintiff's case, nor can the court transfer the action to bankruptcy court. As this court is not the proper venue to hear Plaintiff's claims, it therefore remands the case to state court. This court however, notes that the state tort claims, as plead, are properly heard in bankruptcy court as related to Chapter 11 proceedings. *E. Equip. and Servs. Corp.,* 236 F.3d 117.

to Remand to the Superior Court of Connecticut, Judicial District of Hartford (Doc. No. 17–1) is hereby **granted.** The Clerk shall close the file.

SO ORDERED.

Plaintiff has previously filed suits in bankruptcy and district court regarding the same nucleus of operative facts, raising questions of collateral estoppel and res judicata. However, as this court lacks jurisdiction to hear the case, it is unable to examine whether Plaintiff is precluded from bringing claims in a court that has proper jurisdiction.