**FUATAI IONA, for himself and on behalf of the ESTATE of FA`ATUPUTALA IONA and an unborn heir, Plaintiffs,**

**v.**

**PAGO DEALER RENTAL SERVICES, Defendant.**

High Court of American Samoa
Trial Division

CA No. 06-04

July 24, 2004

Before RICHMOND, Associate Justice, SAGAPOLUTELE, Associate Judge, and TAPOPO, Associate Judge.

Counsel: For Plaintiffs, Afoafouvale L. Su`esu`e Lutu
 For Defendant, Jeff Waller

ORDER GRANTING MOTION TO DISMISS IN PART AND
DENYING MOTION TO DISMISS IN PART

Defendant Pago Dealer Rental Services ("PDRS") moves to dismiss Plaintiffs Estate of Fa`atuputala Iona ("the Estate") and unborn child from the instant action. Plaintiffs Fuatai Iona ("Iona"), the Estate, and unborn child brought the complaint as a result of a vehicle accident that allegedly occurred in early 2002. Fa`atuputala Iona and the three month old fetus she was carrying allegedly died as a result of the accident. Plaintiffs allege breach of warranty; loss of love, care and companionship; and third party liability. For the following reasons, PDRS's motion to dismiss is granted in part and denied in part.

## I. Unborn Child

 In the complaint, unborn child is not seeking damages for itself. Indeed, the only allegations in the complaint regarding the loss of the child relate to Iona, and his loss of "a potential child, relationship as a fatherly figure, *etc.*" (Compl. ¶ 15.) Absent any allegations by unborn child for relief, unborn child is properly dismissed from this action.

In any event, according to the Restatement (Second) of Torts, "[i]f the child is not born alive, no action for the prenatal injury can be maintained *by the child itself*, since, although it has had a legal existence, it never has attained the status of a person entitled to maintain an action." § 869 cmt. e (1979) (emphasis supplied).[1] Under the circumstances of

---

[1] Plaintiffs argue that there are federal and state laws that make criminal conduct against a fetus illegal. Plaintiffs want us to follow this "trend," recognizing an unborn child's rights by allowing the Iona's unborn child to bring the instant action. Notably, the instant action is a tort case, not a

this case, we believe it is appropriate to dismiss unborn child as a party plaintiff.[2]

## II. Estate of Fa`atuputala

PDRS also seeks to dismiss the Estate, arguing that the Estate does not have the capacity to sue and that the administrator is the appropriate party plaintiff. In response, Plaintiffs suggest that reasonable time should be given in accordance with T.C.R.C.P. 17(a) for the appointment of an administrator and also argue that the Estate is a necessary party and should not be dismissed.

 We agree with PDRS that the Estate is not an appropriate party plaintiff with capacity to sue. *See, e.g., In re Michaelesco*, 288 B.R. 646, 653-54 (D. Conn. 2003) (agreeing with the Bankruptcy Court's decision that an Estate "lacks capacity to be sued" but reversing and remanding the Bankruptcy Court's order of dismissal). In order to cure this defect, Plaintiffs are given 90 days to substitute the Estate's administrator or other proper representative as the appropriate party plaintiff for the Estate. If no action is taken by that time, PDRS may renew its motion to dismiss the Estate.

### Order

1. PDRS's motion to dismiss unborn child as a party plaintiff is granted.

2. PDRS's motion to dismiss the Estate is denied at this time. Plaintiffs have 90 days to cure the defect of not having the Estate's proper representative as the appropriate party plaintiff.

It is so ordered.

---

criminal case, and the Plaintiffs have not provided any case law in which an unborn child was permitted to bring a tort action.

[2] PDRS has only moved to dismiss unborn child from the action. Therefore, we refrain from expressing any opinion on whether Iona may maintain an action for the wrongful death of the fetus.